UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTINE NIEDERMEIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civ. No. 00-2495 (TFH) |
| ) | |
| **THE OFFICE OF MAX S. BAUCUS,** ) | **FILED** |
| **UNITED STATES SENATOR,** ) | |
| ) | JUL 2 4 2001 |
| **Defendant.** ) | |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Pending before the Court is plaintiff's Motion to Reconsider and Vacate the Judgment of Dismissal and For Leave to Amend her Complaint ("Motion to Reconsider"), defendant's Motion to Strike plaintiff's Motion to Reconsider, and plaintiff's Request for an Oral Hearing on these motions. Upon consideration of plaintiff's and defendant's Motions, the oppositions and replies, and the entire record herein, the Court will deny defendant's Motion to Strike and will deny plaintiff's Request for an Oral Hearing as well as her Motion to Reconsider and Vacate the Judgment of Dismissal and for Leave to Amend her Complaint.

### I. BACKGROUND

On October 18, 2000, plaintiff Christine Niedermeier ("plaintiff") brought this action, alleging employment discrimination against her former employer, the Office of Max S. Baucus, United States Senator ("defendant"). Specifically, plaintiff alleged that she has been the victim of sex discrimination in the form of "continuing sexual harassment" (Count I) and reprisal (Count II). On March 27, 2001, the Court granted defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and dismissed plaintiff's Complaint in its entirety with prejudice.

27

On April 10, 2000, plaintiff filed the instant Motion to Reconsider and Vacate the Judgment of Dismissal and for Leave to Amend her Complaint ("Motion to Reconsider"). Before filing the Motion to Reconsider, plaintiff failed to confer with opposing counsel as required by Local Civil Rule 7.1(m). Consequently, on April 24, 2001, defendant moved to strike plaintiff's Motion to Reconsider for failure to comply with the local rules of this Court. Plaintiff has also filed a Request for Oral Hearing on these motions.

## II. DISCUSSION

### A. Defendant's Motion to Strike

Defendant has moved to strike plaintiff's Motion to Reconsider on the grounds that plaintiff's counsel failed to meet and confer with opposing counsel, in accordance with Local Civil Rule 7.1(m)[1] prior to the filing of this Motion to Reconsider. Plaintiff admits that her counsel failed to meet and confer with defense counsel, but argues that (1) a meet and confer was not required in this instance because plaintiff's Motion to Reconsider is "so closely intertwined" with a dispositive motion that it should not be covered by Local Civil Rule 7.1(m); and (2) that plaintiff's counsel in good faith believed that he was not required to meet and confer with opposing counsel, since, in his opinion, nothing could be accomplished by such a meeting.

Plaintiff's argument that she was exempt from the requirements of Local Civil Rule 7.1(m) because her Motion to Reconsider relates to an order on a dispositive motion is contrary to existing authority. Local Civil Rule 7.1(m) clearly states that it applies to "*any* nondispositive

---

[1] Local Civil Rule 7.1(m) provides: "*Before* filing any nondispositive motion in a civil action, counsel *shall* discuss the anticipated motion with opposing counsel, either in person or by telephone, in a *good-faith effort* to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party *shall* include in its motion, a statement that the required discussion occurred, and a statement as to whether the motion is opposed. LCvR 7.1(m) (emphasis added).

2

motion." LCvR 7.1(m) (emphasis added). The District of Columbia Circuit has defined a dispositive motion as "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." Burkhart v. Washington Metropolitan Area Transit Authority, 112 F.3d 1207, 1215 (D.C. Cir. 1997). Even plaintiff admits that her Motion to Reconsider would not technically be a dispositive motion under this definition. See Pl's Opp. at 2 ("plaintiff's Motion to Reconsider may technically not be a 'dispositive motion' under the Court's definition . . ."). Nevertheless, plaintiff urges this Court to read into Local Civil Rule 7.1(m) an exception for motions that are "closely intertwined" with dispositive motions. Id. However, Local Civil Rule 7.1(m) clearly states that it applies to "*any* nondispositive motion," and provides no exception for motions relating to dispositive motions. LCvR 7.1(m) (emphasis added).

In McMillan v. United States, No. 1:90-CV-798, 1992 WL 281405 (W.D. Mich. Sept. 24, 1992), the case relied upon by plaintiff as "the only relevant case cited by Defendant," Pl's Opp. at 2, the court held that a Rule 59(e) motion is a nondispositive motion. Contrary to plaintiff's assertions, the McMillan court did not decline to strike the reply brief, notwithstanding the party's failure to meet and confer, because the motion was "closely intertwined" with a dispositive motion. In fact, the duty to meet and confer was not at issue in that case; instead, the court granted the motion to strike based on the fact that reply briefs were not permitted under the court's local rules for nondispositive motions and that a reply brief had been filed without leave of court.[2] McMillan, 1992 WL 281405, at *1. Furthermore, plaintiff's argument for escaping

---

[2] The party filing the reply brief had also moved the court to treat the reply brief as a motion *nunc pro tunc* and the court granted that motion. Id. at *1. However, this ruling does not in any way assist plaintiff here.

3

Local Rule 7.1(m) by arguing that her motion was "closely intertwined" with a dispositive motion was explicitly rejected in <u>Center for Auto Safety v. National Highway Traffic Safety Administration</u>, 93 F. Supp. 2d 1, 12 (D.D.C. 2000). As explained in <u>Center for Auto Safety</u>, there is simply no exception to Local Civil Rule 7.1(m) for nondispositive motions which happen to relate to dispositive motions. <u>Id.</u> Therefore, plaintiff's counsel did breach Local Civil Rule 7.1(m).

With respect to plaintiff's counsel's argument that he believed in good faith that a meet and confer session was not required in this situation because nothing could be accomplished by such a meeting, plaintiff's counsel is hereby on notice that a meet and confer session is required under Local Civil Rule 7.1(m) regardless of whether or not plaintiff's counsel personally believes it would be productive. The Rule explicitly dictates that the party filing the nondispositive motion "shall" meet and confer with opposing counsel "in good faith" with the intent of learning if there would be any objection to the motion and if so, of narrowing the issues in dispute. <u>See Alexander v. FBI</u>, 186 F.R.D. 197, 199 (D.D.C. 1999) (The purpose of Local Civil Rule 7.1(m) is "to force litigants to attempt to resolve, or a [sic] least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion," not "to simply determine whether the motion will be opposed"). Determining in advance that a meet and confer session would be futile does not meet the "good faith effort" requirement of Local Rule 7.1(m). Attorneys are not authorized to determine unilaterally whether a meet and confer session would be productive and thus whether or not it was warranted. <u>See Alexander</u>, 186 F.R.D. at 199 ("[Local Civil Rule 7.1(m)] would be meaningless if a party could . . . file any nondispositive motion they chose without meeting and conferring, and later argue that a [Local Civil Rule 7.1(m)] argument is moot simply because the motion is later opposed"). Therefore, plaintiff's counsel's independent

4

determination that a meet and confer session was unnecessary because it was unlikely to be productive is insufficient and does not provide a basis to ignore the clear mandates of Local Rule 7.1(m).

Despite plaintiff's counsel's breach of Local Civil Rule 7.1(m), the Court will deny defendant's Motion to Strike. Given the general judicial preference for resolving motions on their merits rather than dismissing them on technicalities, the fact that this will be plaintiff's final opportunity to argue the merits of her case to this Court, and the desire to avoid prejudicing litigants for their counsel's errors, the Court will consider plaintiff's Motion for Reconsideration on its merits despite her counsel's violation of Local Rule 7.1(m).

## B. Plaintiff's Motion to Reconsider

In her Motion to Reconsider, plaintiff seeks to vacate the Court's judgment dismissing this case with prejudice and to amend her retaliation claims based on the continued withholding of her personal property and the alleged negative job references.[3]

Before this Court can consider plaintiff's Motion to Amend her Complaint, the Court must first rule upon plaintiff's Motion to Reconsider and Vacate this Court's judgment under Fed. R. Civ. P. 59(e). See Firestone v. Firestone, 76 F.3d 1205, 208 (D.C. Cir. 1996) ("Rule 15(a)'s liberal standard for granting leave to amend governs once the court has vacated the judgment. . . . But to vacate the judgment, Appellants must first satisfy Rule 59(e)'s more stringent standard"); see also Helm v. Resolution Trust Corp., 84 F.3d 874, 879 (7th Cir. 1996) (plaintiff "must have first succeeded on a Rule 59(e) . . . motion before the court could grant her

---

[3]Plaintiff's proposed amended complaint abandons her sexual harassment claims; therefore, plaintiff's Motion to Vacate Judgment in its entirety is improper. Accordingly, the Court will treat plaintiff's Motion as a motion to vacate judgment in part.

leave to file an amended complaint"). Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances. See Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). The law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." W.C. & A.N. Miller Co.'s v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), aff'd sub nom. Hicks v. United States, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) ("Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled"); Natural Res. Def. Council, Inc. v. EPA, 705 F. Supp. 698, 702 ("Nor may the motion present evidence which was available but not offered at the original motion or trial"), vacated on other grounds, 707 F. Supp. 3 (D.D.C. 1989).

Plaintiff's Motion does not argue that this Court's decision granting defendant's Motion to Dismiss was legally incorrect based upon the information in the record at that time; nor does plaintiff argue that she has recently discovered new facts or intervening law which would alter this Court's previous ruling. Instead, plaintiff merely contends that it would be manifest injustice for this Court to deny plaintiff leave to amend, even though plaintiff never indicated any desire to amend her Complaint until after this case was dismissed. Plaintiff's proposed amended complaint offers facts that plaintiff was well aware of before she filed her original Complaint and before this Court entered its dismissal order, and plaintiff has offered no excuse for failing to bring this evidence forward prior to the Court's decision on defendant's Motion to Dismiss.

6

Plaintiff's proposed amended complaint also asserts a new legal argument in support of her property claim based on law existing at the time of defendant's Motion to Dismiss. It is well established that plaintiff cannot resuscitate her case post-dismissal by alleging facts or legal theories that were available to her at the inception of her case. See Wright & Miller § 2810.1 at 127-28 (Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment").

1. Withholding of Personal Property

First, plaintiff proposes to amend her retaliation claim based on the alleged continued withholding of her personal property to add more detail in order to demonstrate that the alleged property deprivation continues up to the time that plaintiff filed her initial Complaint. However, in the opinion granting defendant's Motion to Dismiss, this Court noted that even if defendant "continued still" to withhold her property, the fact that the employer refused to remedy the alleged discrimination "does not convert the act into a new act of discrimination." Mem. Op. at 6. Therefore, plaintiff's attempt to reestablish this claim in her proposed amended complaint by giving more detail about the timing of the alleged property violation does not save this claim from dismissal.

Plaintiff tries to justify restating this claim by citing Bazemore v. Friday, 478 U.S. 385, 395 (1986) and Anderson v. Zubieta, 180 F.3d 329 (D.C. Cir. 1990). The Court would first note that neither of these cases is new law and thus plaintiff's attempt to raise this argument post-judgment is not a sufficient ground for reconsideration. Nevertheless, even considering the merits of plaintiff's new legal argument, her claim would fail, because the cited decisions are inapposite to the facts of this case. In Bazemore, the Supreme Court held that because the employer had a policy that provided disparate pay to black employees, Title VII was violated

7

each time the employee was paid. Bazemore, 478 U.S. at 395-96. Similarly, in Anderson, the court, following the reasoning in Bazemore, found that the claim of disparate treatment under a benefits policy was timely because there was an act of discrimination each time payment of benefits was made pursuant to the policy. Anderson, 180 F.3d at 334-36. These cases thus stand for the proposition that when a discriminatory system is in place, each discriminatory act pursuant to that system is a new act of discrimination. Plaintiff does not allege, nor is there any evidence in the record of, a discriminatory system such as those in Bazemore and Anderson in this case. Plaintiff is merely arguing that defendant has failed to correct an alleged previous retaliatory action and plaintiff continues to feel its effects. As this Court explained in its Memorandum Opinion, the alleged continued withholding of plaintiff's personal property is simply an effect of the alleged discriminatory act on August 15, 1999 and does not state a current violation. See United Air Lines v. Evans, 431 U.S. 553 (1977); Delaware State College v. Ricks, 449 U.S. 250 (1980). Accordingly, plaintiff's amended retaliation claim based on the alleged continued withholding of her personal property would not survive a motion to dismiss. Accordingly, since the Court finds no manifest injustice in its prior decision on this claim and since granting leave to amend would be futile, the Court finds no basis to vacate judgment under Fed. R. Civ. P. 59(e) or to grant leave to amend under Fed. R. Civ. P. 15.

2. Negative Job References

Second, plaintiff proposes to amend her retaliation claim based on negative job references to include new evidence of how she was retaliated against. However, amendments post-judgment on the basis of new evidence are restricted to evidence that is newly discovered or previously unavailable despite the exercise of due diligence. See Alton & S. Ry. Co. v. Bhd. Of Maint. of Way Employees, 899 F. Supp. 646, 648 (D.D.C. 1995), aff'd, 72 F.3d 919 (D.C. Cir.

1995). Courts routinely deny Rule 59(e) motions where all relevant facts were known by the party prior to the entry of judgment and the party failed to present those facts. See, e.g., Indep. Petroleum Ass'n of Am. V. Babbitt, 178 F.R.D. 323, 327 (D.D.C. 1998) (denial of Rule 59(e) motion was not an abuse of discretion when plaintiff's counsel knew all relevant facts prior to entry of judgment and failed to assert them), aff'd, 235 F.3d 588 (D.C. Cir. 2001); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.) (denying motion to reconsider when evidence could have been submitted prior to ruling on dispositive motion), cert. denied, 488 U.S. 820 (1988); Falkenberg Capital Corp. v. Dakota Cellular, Inc., 925 F. Supp. 231, 243 (D. Del. 1996) (affidavit offered by plaintiff in support of Rule 59(e) motion did not set forth new evidence not previously available and her "tactic is not a proper use of Rule 59(e) . . .").

In this case, plaintiff admits that the new evidence alleged in her proposed Amended Complaint was known to her prior to the Court's entry of judgment on March 27, 2001. Specifically, plaintiff claims that on March 28, 2000, she learned of defendant's desire to misrepresent her job performance and that this validated her previous suspicions about why she did not receive any job offers. Proposed Amend. Compl. ¶ 16. Plaintiff also alleges that sometime before March 14, 2000, she was warned by an acquaintance that "she should be wary of what the defendant's office was saying about her." Id. at ¶ 22. Finally, she alleges that on May 18, 2000, she was informed that she failed to receive a position and that she is "informed and believes" that it was due to a negative reference from defendant's office. Id. at ¶ 24. These facts were all known to plaintiff prior to this Court's judgment on March 27, 2001. Defendant's motion to dismiss placed plaintiff on notice of her obligation to establish this Court's jurisdiction over the subject matter of plaintiff's claims as well as to show that she had stated a claim upon which relief may be granted. Rather than offering any evidence through affidavits or by

9

amending her complaint as a matter of right during the three-month period that defendant's Motion to Dismiss was pending, plaintiff relied upon her previous pleadings. Plaintiff cannot now establish that the Court's decision granting the motion to dismiss based upon the record before it was manifestly unjust where she took no action to amend her pleadings or to introduce this new evidence until after the Court dismissed this case.[4] See Gibbs v. Buck, 307 U.S. 66, 72 (1939); Payne v. District of Columbia, 559 F.2d 809, 820 n.59 (D.C. cir. 1977); see also Gen. Motors Corp., Anti-Lock Brake Prod. Liab. Litig., 174 F.R.D. 444, 447 n.2 (E.D. Mo. 1997) ("Plaintiffs cannot avoid the consequences of their tactical decisions by attempting to use Rule 15(a) post-judgment, but, rather, plaintiffs must anticipate the possibility of losing, and act accordingly"), aff'd sub nom. Briehl v. Gen. Motors Corp., 172 F.3d 623 (8th Cir. 1999); Barrett v. Tallon, 30 F.3d 1296, 1301 (10th Cir. 1994) (upholding lower court's dismissal with prejudice and denial of motion to reconsider where, prior to judgment, plaintiff chose to stand on complaint rather than amend); Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993) (dismissing suit without leave to amend held not to be an abuse of discretion, because plaintiff did not attempt to amend complaint until after judgment was entered).

Moreover, even if plaintiff could establish that this evidence was not known to her prior to judgment, a burden she has clearly not met in this case, her proposed amendment for

---

[4]Plaintiff's reliance on Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir. 1996), is misplaced. The plaintiffs in Firestone filed their complaint pro se but secured counsel to assist them in responding to the defendant's motion to dismiss; in opposing the motion to dismiss, plaintiffs indicated that they did not want to stand solely on their complaint and explicitly requested leave to amend their complaint prior to the Court's ruling on the pending motion to dismiss. Id. at 1207-08. Under these circumstances, the appellate court held that the district court had abused its discretion in dismissing the complaint without leave to amend. In contrast, in this case, not only has plaintiff been represented by counsel since the initiation of this action, but plaintiff never once moved to amend nor did she express any desire to amend prior to the Court's order entering judgment against her.

retaliation based on negative job references would still fail. In its opinion granting defendant's Motion to Dismiss, this Court explained that to state a claim based on negative job references, plaintiff must allege: (1) the disparaging comments that were made or how Senator Baucus, his staff, or advisors spoke ill of plaintiff's job performance; (2) to whom the discriminatory statements were made; and (3) the position or positions for which plaintiff was denied employment as a result of the negative job references. Mem. Op. at 9. The proposed Amended Complaint still does not state the disparaging comments that were made or to whom they were made. Moreover, plaintiff's allegations continue to be conclusory. Her only evidence that any comments were made is that she interviewed for three positions, she thought that the interviews went well, and she was not hired for any of the three positions. Proposed Amend. Compl. ¶¶ 17-25. Plaintiff does not allege that she is aware that Senator Baucus or anyone acting on his behalf ever talked to or communicated in any way with a prospective employer. These conclusory allegations of retaliatory conduct are insufficient to state a violation. See Hogan v. Metromail, 107 F. Supp. 2d 459, 468 (S.D.N.Y. 2000) (conclusory allegations supported by information and belief are insufficient to survive a motion to dismiss); Gaughan v. Nelson, No. 94-3859, 1997 WL 80549, at *5 (S.D.N.Y. Feb. 26, 1997) (dismissing retaliation claim where plaintiff alleged only non-specific and conclusory allegations of retaliatory conduct). Even as amended, plaintiff's retaliation claim would not state a claim upon which relief could be granted. Accordingly, even if plaintiff could establish that she had a right to amend, which she cannot, granting plaintiff leave to amend in this case would be futile.[5]

---

[5]It also appears that this Court lacks subject matter jurisdiction over plaintiff's amended claim, because the Speech or Debate Clause provides defendant immunity for his legislative acts and this Circuit has defined legislative acts to include personnel actions of members of Congress. See Browning v. Clerk, U.S. House of Representatives, 789 F.2d 923, 929 (D.C. Cir.), cert.

Accordingly, for the foregoing reasons, the Court will deny plaintiff's Motion to Reconsider, and Vacate the Judgment of Dismissal and for Leave to Amend her Complaint.

### C. Plaintiff's Request for Oral Hearing

Whether or not to grant a party's request for an oral hearing is solely within the discretion of the Court. See LCvR 7.1(f). After reviewing the legal memoranda as well as the entire record of this case, the Court is satisfied that the issues have been fully and adequately briefed by both sides and that the Court would not benefit from oral argument on these issues. Accordingly, the Court will deny plaintiff's Request for Oral Hearing.

### III. CONCLUSION

For the foregoing reasons, the Court will deny defendant's Motion to Strike, deny plaintiff's Motion to Reconsider and Vacate the Judgment of Dismissal and for Leave to Amend her Complaint, and deny plaintiff's Request for an Oral Hearing on these motions. An order will accompany this Opinion.

July 23, 2001

Thomas F. Hogan
Chief Judge

---

denied, 479 U.S. 996 (1986). Plaintiff's reliance on Gross v. Winter, 876 F.2d 165, 172 (D.C. Cir. 1989) is misplaced, because Gross merely distinguishes that case from Browning on the ground that Browning's holding is restricted to members of Congress. Gross, 876 F.2d at 172. However, the facts of this case are directly analogous to Browning because plaintiff here was the Chief of Staff for a Senator and thus the Senator's personnel actions with respect to her would fall within the sphere of immunity as articulated by Browning and as narrowed by Gross. Moreover, plaintiff's contention that Browning and its progeny are no longer good law in light of the enactment of the Congressional Accountability Act ("CAA") is simply erroneous. The CAA expressly states that its authorization to file an action in this Court "shall not constitute a waiver . . . . of the privileges of any Senator . . . under article I, section 6, clause 1 of the Constitution [the Speech or Debate Clause] . . . ." 2 U.S.C. § 1413.